**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | C/A No.: 4:20-cv-02201-RBH |
| Plaintiff, ) | |
| ) | |
| v. ) | **DECREE AND JUDGMENT OF** |
| ) | **FORECLOSURE AND SALE** |
| Raymond Cooper a/k/a Raymond SL Cooper,) | |
| ADM Processing, Helen Mcfadden, ) | |
| Portfolio Recovery Associates, LLC, ) | |
| Defendant. ) | |
| ) | |

### I.     Background and Factual/Legal Determinations

Plaintiff commenced this action to foreclose on property located in Williamsburg County, South Carolina, for failure to repay loans made through the United States Department of Agriculture. The defendants in this suit include the debtor, Raymond Cooper a/k/a Raymond SL Cooper ("Cooper"), and several parties with lien interests in the debtor's real and/or personal property.

Plaintiff's action stems from five promissory notes. Cooper executed the first note ("Note 1") on March 18, 2005, promising to pay to the order of the United States the sum of $60,830.00 at an interest rate of 4.125% per annum. (ECF No. 1-2 at 1-3.) Cooper executed the second note ("Note 2") on November 14, 2007, promising to pay to the order of the United States the sum of $45,000.00 at an interest rate of 4.75% per annum. (*Id.* at 4-6.) Cooper executed the third note ("Note 3") on March 6, 2008, promising to pay to the order of the United States the sum of $40,000.00 at an interest rate of 3.75% per annum. (*Id.* at 7-10.) Cooper executed the fourth note ("Note 4") on May 13, 2008, promising to pay to the order of the United States the sum of $25,000.00 at an interest rate of 3.125% per annum. (*Id.* at 11-14.) Cooper

1

executed the fifth note ("Note 5") on April 15, 2010, promising to pay to the order of the United States the sum of $40,000.00 at an interest rate of 2.875% per annum. (*Id.* at 15-18.)

Plaintiff has pled that Cooper, in order to provide security for the loans, granted and delivered to Plaintiff three real estate mortgages, dated July 29, 2009, April 15, 2010, and June 10, 2010, covering real property situated in Williamsburg County, South Carolina. (Complaint, ECF No. 1, ¶ 8). The mortgages were recorded on July 29, 2009, April 15, 2010, and June 10, 2010 in the Office of the Clerk of Court for Williamsburg County, South Carolina in Book 124, at Page 113, Book 162, at page 63, and Book 169, at Page 68, respectively. The real estate which is the subject of this action consists of eight tracts of land (hereinafter referred to as the "property"), more specifically described in Exhibit 1 to the Complaint (*See* ECF No. 1-1).

Plaintiff filed this suit on June 10, 2020, claiming that Cooper defaulted on the loans, and that Plaintiff is therefore entitled to (1) judgment on the debt; (2) foreclosure on the real property; and (3) costs and expenses, including reasonable attorney fees. The complaint alleges the following competing lien interests in Cooper's property: (1) ADM Processing may have a claim by virtue of a judgment dated August 8, 2014 and recorded October 27, 2014; (2) Helen McFadden ("McFadden") may have a claim by virtue of a judgment dated November 20, 2015 and recorded December 4, 2015; and (3) Portfolio Recovery Associates, LLC may have a claim by virtue of a judgment dated and recorded June 20, 2019. (ECF No. 1 ¶¶ 11-13.)

All defendants were served with the summons and complaint, and only McFadden answered. (ECF No. 21.) McFadden responded by mailing an answer to Plaintiff's counsel dated July 14, 2020 in which she does not contest the foreclosure or priority. (*Id.*) On September 4, 2020, Plaintiff filed a motion for default judgment and request for a damages hearing. (ECF No. 18.) None of the defendants responded to Plaintiff's motion for default

judgment and request for a damages hearing. On September 10, 2020, Plaintiff submitted a proposed Decree of Foreclosure and Sale. The only defendant to respond was McFadden, who stated that she has no objection.

Having reviewed the evidence and the entire record in this case, the Court concludes as follows:

1. Cooper has defaulted on the obligations set out in Note 1, Note 2, Note 3, Note 4, and Note 5.

2. Cooper's refusal to pay the amount owed required Plaintiff to hire an attorney and incur costs to collect on the notes. Since the inception of the action, Plaintiff's attorneys have assumed responsibility for the institution of this action and have searched and updated the title on the real property from the date the current owner received the property, or the date the mortgages were executed, to the date of the filing of the *lis pendens*. They have been responsible for the preparation of the following pleadings:

>  (1)  *Lis pendens*;
>  (2)  Summons and Complaint;
>  (3)  Motion for Default Judgment and Request for Damages Hearing;
>  (4)  Proposed Decree of Foreclosure and Sale;
>  (5)  Other documents as applicable pertaining to service and finalization of this action.

Additionally, Plaintiff's attorneys have arranged for service of process on each defendant. Further duties include: forwarding copies of this Order to each defendant; advising each defendant of the date the property will be sold; arranging and coordinating the amount to be bid by Plaintiff; representing Plaintiff at sale; and preparing after sale documentation, as required.

The promissory notes provide that Plaintiff is entitled to collection costs including reasonable attorneys' fees, and Plaintiff requests that the court award it $3,200.00 in attorneys' fees. (*See* Affidavit of Attorney's Fees, ECF No. 19.) In light of the potential liabilities inherent

in a property action and the amount of the mortgage debt at issue, the attorneys' fees requested by Plaintiff are reasonable and shall be added to the total debt owed.

3.  As of September 4, 2020, the amount due and owing on the notes, with interest at the rates provided therein, and other costs and expenses of collection, including attorneys' fees, secured by the notes and mortgages was as follows:

|   | |   |
|---|---|---|
| a. | Principal due and interest as of 9/4/20 at the rate of $7.64 per diem | $143,107.80 |
| b. | Cost of collection prior to hearing (service, filing, etc.) | $     935.00 |
| c. | Attorneys' fees | $   3,200.00 |

TOTAL debt secured by notes and mortgage,
including interest to September 4, 2020:                              **$147,242.80**

(*See* Affidavit of Counsel, ECF No. 18-7; Affidavit of Attorney's Fees, ECF No. 19.)

4.  Interest continues to accrue on the debt stated above at a per diem rate of $7.64.

5.  Plaintiff's Affidavit of Counsel demonstrates that the amount requested in the complaint is a sum certain. (*See* Affidavit of Counsel, ECF No. 18-7.)

6.  The lien interests of ADM Processing, McFadden, and Portfolio Recovery Associates, LLC are junior to Plaintiff's lien interest in the real property. As a result, Plaintiff's mortgage lien against Cooper constitutes a first mortgage lien on the real property described in the Complaint (ECF No. 1).

7.  Because the amount requested in the complaint is a sum certain and Plaintiff holds a first mortgage lien, the Court finds that no further action is necessary to enter a judgment and a hearing is therefore not necessary.

8.  Therefore, Plaintiff is entitled to foreclose on its mortgages. Further, Plaintiff is entitled to sell the property described in its mortgages (*see* ECF No. 1) and apply the proceeds

first to the costs and expenses of this action, next to the payment and discharge of the debt Cooper owes Plaintiff.

9.      Finally, the court notes that Plaintiff requests a deficiency judgment.

## II.     Legal Standard

Although "the government's power to foreclose [on property] emanates from state law, [28 U.S.C. Sections 2001 and 2002] govern the procedures to be followed [by federal courts]." *U.S. v. Wise*, No. 5:14-cv-844-FL, 2015 WL 5918027, at *6 (E.D.N.C. Oct. 9, 2015). Pursuant to Section 2001, a federal court has wide discretion to determine the terms and conditions under which the sale of real property shall be executed; however, the sale must take place "at the courthouse of the county . . . in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs." Further, under Section 2002, notice shall be "published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated." When personal property is sold under federal court order, 28 U.S.C. Section 2004 states that it should be sold in accordance with Section 2001, unless the court directs otherwise.

## III.     Order of Foreclosure and Sale

It is hereby **ORDERED:**

1.      The Clerk of Court is directed to enter a judgment in favor of Plaintiff in the amount of **$147,242.80** plus interest at a per diem rate of $7.64 beginning on September 5, 2020.

2.      The Clerk of Court is directed to enter a judgment of foreclosure as to Plaintiff's security interest in Cooper's real property at issue in this matter, as more fully described in Exhibit 1 to the Complaint. (ECF No. 1-1.)

3. The Special Referee, or his designee, shall sell at public auction the property described in Exhibit 1 to the Complaint (ECF No. 1-1) at the Williamsburg County Courthouse in Kingstree, South Carolina, at the earliest possible date after having published notification of the sale in the **Kingstree News**, a newspaper of general circulation in Williamsburg County, South Carolina, once a week for four weeks prior to the sale. The sale of the property described in Exhibit 1 to the Complaint (ECF No. 1-1) shall be made on the following terms:

    a. For cash: The Special Referee, or his designee, shall require the highest bidder, other than the Plaintiff, to make a cash deposit of 5% of the bid as a guaranty of good faith and as security for compliance with the bid;

    b. If the highest bidder should fail to comply with the terms of the sale within 10 days after acceptance of the bid, the entire deposit shall be forfeited and applied to the debt owed Plaintiff. Thereafter, the Special Referee, or his designee, shall re-advertise and resell the property described in Exhibit 1 to the Complaint (ECF No. 1-1) on the earliest possible date and on the same terms and conditions described herein;

    c. The sale shall be subject to taxes and assessments, which includes real property taxes, existing easements, and easements and restrictions of record.

The following additional terms shall apply to the sale of the real property described in Exhibit 1 to the Complaint (ECF No. 1-1):

    a. Interest on the balance of the bid shall be paid to the day of compliance at the per diem rate of $7.64;

    b. Purchaser is to pay for the deed stamps and costs of recording the deed;

    c. As Plaintiff requests a deficiency judgment, bidding shall remain open until the 30th day after the sale, exclusive of the day of the sale, and any person other than the highest bidder at the sale or any representative thereof may enter a higher bid by making a cash deposit of 5% of the bid as a guaranty of good faith, and thereafter within the 30 day period any other person, other than the highest bidder at the sale or any representative thereof, may in a like manner raise the last highest bid. The successful purchaser shall be the person who submitted the highest bid within the 30 days and made the necessary deposit. If the 30th day falls on a Sunday, the bidding shall be closed on the Monday immediately following;

    d. Plaintiff may become a purchaser at the sale, but Plaintiff is precluded from making any bid on the property other than the last bid made by it on the day of the sale;

    e. Each defendant named herein and all persons, whoever claiming under them, shall be forever barred and foreclosed of all right, title, interest, and equity of redemption in the property described in Exhibit 1 to the Complaint (ECF No. 1-1), or any part thereof;

    f. If Plaintiff or Plaintiff's representative does not appear at the scheduled sale of the property described in Exhibit 1 to the Complaint (ECF No. 1-1), then the sale of the property shall be null, void and of no force and effect. In such event, the sale will be rescheduled for the next available sales day.

  4. The Special Referee, or his designee, shall apply the proceeds of the sale of the property described in Exhibit 1 to the Complaint (ECF No. 1-1) as follows:

    a. To the payment of the amount of the costs and expenses of this action and the expenses of the sale;

    b. To Plaintiff, or Plaintiff's attorney, for the debt and interest Cooper owes Plaintiff, or such much thereof as the purchase money will pay on the same;

    c. Any surplus funds will be held pending further order of this court.

  5. If Plaintiff is the successful bidder at the sale for a sum not exceeding the amount of costs, expenses, and debt Cooper owes Plaintiff, Plaintiff may pay to the Special Referee, or his designee, only the amount of the costs and expenses, accrediting the balance of the bid to Cooper's indebtedness. Plaintiff is not liable for any debt remaining on the property.

  6. After the sale of the real property described in Exhibit 1 to the Complaint (ECF No. 1-1), the Special Referee, or his designee, shall make and deliver to the purchaser a deed in fee simple, and the purchaser shall be let into possession of the real property described in Exhibit 1 to the Complaint (ECF No. 1-1) upon production of the deed. All persons holding adversely to the purchaser shall be ejected by the United States Marshal (or deputy).

7.     The undersigned will retain jurisdiction to do all necessary acts incident to this foreclosure, including, but not limited, the issuance of a Writ of Assistance.  After sale of the property described in Exhibit 1 to the Complaint (ECF No. 1-1), and as soon as the sale by the Special Referee, or his designee, is complete and has been approved by the court, Cooper, or other persons in possession, shall within 15 days of the date of approval by the court, move from the premises, and give up the property described in Exhibit 1 to the Complaint (ECF No. 1-1), and give up the property without damage or vandalism.  Upon the failure of Cooper, or any other persons in possession, to vacate the property within 15 days of the date of approval by the court, the United States Marshal (or deputy) is authorized, empowered, and directed to enter upon the property described in Exhibit 1 to the Complaint (ECF No. 1-1) and evict them therefrom, unless prior to such date, Cooper, or other persons in possession, obtain from the court an order extending the time which Cooper or any other persons in possession shall have to vacate the property.  The United States Marshal (or deputy) is also authorized to effect removal from the property described in Exhibit 1 to the Complaint (ECF No. 1-1) any furniture or other possessions of Cooper, or other persons in possession, and any interference with the activities of the Special Referee or the United States Marshal (or deputy) will be upon pain of contempt of court.

**IT IS SO ORDERED.**

October 5, 2020                                                          s/R. Bryan Harwell
Florence, South Carolina                                         R. Bryan Harwell
                                                                                 Chief United States District Judge